J. H. Hancock City Attorney Avon Park
QUESTIONS:
1. May the Avon Park City Council, by ordinance, amend city charter provisions which define the power of the city council to limit the tenure of appointed city department heads?
2. Under the special provisions of the building construction code adopted by the city relating to the building department and the building official, his appointment, tenure of office, and removal therefrom for cause, may the city council enact an ordinance limiting the tenure of the office of the building official and prescribing standards for his removal from office by the city council?
SUMMARY:
Under the Municipal Home Rule Powers Act of 1973, the city council may, by ordinance, amend the former charter provisions pertaining to tenure and removal or suspension of appointed municipal officers. Also, the city having adopted the State Minimum Building Code, the city council may, by ordinance, in the exercise of its home rule powers, amend its building construction code to modify the provisions thereof relating to the building official, his tenure, and his removal or suspension from office; provided, however, such amended building code is as stringent as, or more stringent than, the statutorily specified model building codes.
AS TO QUESTION 1:
Your first question is answered in the affirmative.
The city charter of Avon Park provides for an elected mayor and city council and for appointment by the council of the city department heads. Except for the building official, the charter provides a tenure of 2 years for all department heads and contains various provisions for removal or suspension of officers. The city council apparently wishes to amend the provisions of the city charter and to provide standards for removal or suspension of such officers.
This office has previously construed the Municipal Home Rule Powers Act, part I, Ch. 166, F. S., noting that provisions of municipal charters and special acts in effect on July 1, 1973, and which constituted limitation on municipal power or which pertained exclusively to the power or jurisdiction of a municipality were nullified and repealed or converted into ordinances by s.166.021(4) and (5). Attorney General Opinions 074-371, 075-176, and 077-135.
A charter provision converted into an ordinance is subject to repeal or modification as is any other city ordinance. Changes in special laws or municipal charters which affect certain subject matters enumerated in s. 166.021(4), F. S., however, must be effected through approval by referendum of the electors as provided in s. 166.031. F. S. These subject matters do not appear to me to include charter provisions relating to tenure or removal of appointed city officers. Moreover, I find no other constitutional, general, or special law or county charter limitation upon the city's power to regulate by ordinance the tenure and removal of such appointed officers. Cf. AGO's 073-276 (regarding the city's authority to establish or alter the compensation and expense allowances of elected and appointed city officials) and 073-475 (concerning the city's authority to repeal or amend by ordinance a charter provision providing for suspension or removal of appointed city officers). Accordingly, I conclude that the City Council of Avon Park may amend by ordinance the former charter provisions, converted to ordinances by operation of s. 166.021(4) and (5), pertaining to tenure and removal or suspension of appointed municipal officers.
AS TO QUESTION 2:
Your second question is answered in the affirmative.
According to your letter, the city has adopted by ordinance a building construction code. That code provides in part for establishment of a building department to be headed by a building official whose appointment `shall continue during good behavior and satisfactory service' and who can be removed only for cause. You ask whether the amendment to the former charter provisions by ordinance to provide the conditions of tenure and removal of appointed public officials could apply to the building official in light of this provision.
Chapter 553, part VI, F. S., provides that the city is required to adopt one of the State Minimum Building Codes as its building code, as enumerated in s. 553.73(2). A city may, however, provide for more stringent requirements than those specifies in the State Minimum Building Codes. Section 553.73(3). To the extent that a building code in effect on January 1, 1978, is not inferior to the requirements of any of the model codes enumerated in s. 553.73(2), such code is presumed to meet the standards set forth in subsection (3) of that section for adoption of a more stringent code. Accordingly, if the city's adoption of one of the specified State Minimum Building Codes was not accomplished pursuant to s.553.73, then its code in effect on January 1, 1978, if not inferior to the requirements of any model code specified in subsection (2), is the official building code required by s.553.73. I also note s. 553.79(3), providing that the State Minimum Building Codes supersede all other building construction codes or ordinances unless such codes or ordinances are more stringent than the State Minimum Building Codes, and the conditions of s.553.73(3) are met. Section 553.79(4) specifically authorizes local governments to modify the State Minimum Building Codes to require more stringent standards than those specified in such state codes, provided the conditions of s. 553.73(3) are met. Section 553.80
provides that the local governing body adopting the required building code has the responsibility of its enforcement.
The question now becomes whether the city is bound by all provisions of the State Minimum Building Code, which it adopted as required by law, including the provisions concerning the building official and his tenure of office and removal for cause. It is my opinion that s. 166.021, F. S., as discussed in question 1, permits the city council, by ordinance, in the exercise of its home rule powers, to amend the building construction code it adopted and to modify the provisions thereof relating to the building official, his tenure, and his removal or suspension from office. Chapter 553, part VI, F. S., and specifically ss.553.73(3) and (4) and 553.79(3) and (4), require adoption ofbuilding construction requirements or standards either as stringent as or more stringent than those contained in the enumerated model building codes and effectively prohibit adoption of a construction code or ordinance less stringent than those requirements or standards. However, nothing in part VI of Ch. 553 requires adoption of a model code containing specific requirements as to a building official, his appointment, tenure, or removal from office or limits the city in making any provisions it sees fit as to those matters, so long as these provisions are otherwise constitutional and within the ambit of s. 2, Art. VIII, State Const., and s. 166.021(1) and not in conflict with general or special law or county charter prohibitions or preemptions specified in s. 166.021(3) and (4).
In summary, I am therefore of the opinion that the city council may, by ordinance, amend charter provisions relative to the tenure and removal of appointive officials to provide for the power of the governing body to limit the tenure of its appointive officers and their removal or suspension from office and that such amendments may apply to and govern the city's building official. Moreover, the city may amend the model building code, adopted by ordinance, under s. 553.73, F. S., or its building construction code or ordinance in effect on January 1, 1978, if such code or ordinance is not inferior to the requirements of the model codes specified in s. 553.73(2), in order to regulate the head of its building department and subject such official to the same provisions regarding tenure and removal or suspension from office as those by which other appointed officials are governed, so long as the construction standards, regulations, and enforcement requirements of Ch. 553, part VI, are not violated or lessened.
Prepared by:
Frank A. Vickory Assistant Attorney General